Lowell C. NELSON, Petitioner,

v.

AUDITING DIVISION, UTAH STATE
TAX COMMISSION, Respondent.

No. 940223.

Supreme Court of Utah.

Sept. 28, 1995.

Lowell C. Nelson, Highland, pro se.

Jan Graham, Atty. Gen., Gale K. Francis, Asst. Atty. Gen., Salt Lake City, for respondent.

DURHAM, Justice.

Lowell C. Nelson seeks review of a final decision of the Utah State Tax Commission affirming penalties against him for failure to file tax returns and pay state income taxes. We affirm and assess costs to Nelson.

Nelson resides in Utah County, where he works as a computer consultant. The Commission audited Nelson because he had failed to file returns and pay state income tax for the years 1985 through 1989. The Commission notified Nelson of his legal obligations to file and to pay state income tax.

After the first audit, the Commission audited Nelson a second time for the years 1983, 1984, 1990, and 1991. Nelson asserted the same theories that he had unsuccessfully relied on at the first audit and again refused to file and pay state income tax. For example, Nelson concluded that based on his reading of the Code of Federal Regulations, taxable income was "foreign earned income" and because he had no "foreign earned income," he did not have a duty to file and pay state taxes. He also believed that because he was not assessed taxes at the federal level, he did not have to file or pay taxes at the state level. Moreover, Nelson believed he was excused from paying taxes because the Commission improperly carried out the assessment process.

The Commission rejected Nelson's arguments and affirmed the penalties assessed by the Auditing Division. The Auditing Division had penalized Nelson for failing to file tax returns and failing to pay income taxes for the years 1983, 1984, 1990, and 1991. In addition, the Commission affirmed a $500 tax evasion penalty for the years 1983 and 1984 but reduced a tax fraud penalty from 100% to 50% for the years 1990 and 1991 because it did not find sufficient evidence to prove that Nelson acted fraudulently. The Commission did not completely eliminate the penalty for 1990 and 1991, because Nelson was aware of his legal obligation to declare and pay state taxes and he consciously chose to avoid it.

The primary issues on review are whether Nelson had a duty to file and pay state income taxes for the years in question and whether the Commission was justified in assessing penalties.

This court "grant[s] the commission deference concerning its written findings of fact, applying a substantial evidence standard of review." Utah Code Ann. § 59–1–610(1)(a). As to the Commission's conclusions of law, this court grants no deference and applies a correction of error standard. *Id.* § 59–1–610(1)(b).

Like most Utah residents, Nelson has a duty to file tax returns and pay state income taxes as they come due. The Utah Tax Act states that an income tax return must be filed by "every resident individual ... required to file a federal income tax return for the taxable year." Utah Code Ann. § 59–10–502(1). The Internal Revenue Code requires a person who earns over $2,000 to file a federal income tax return. 26 U.S.C. §§ 151, 6012. It is undisputed that Nelson earned over $2,000 for the years in question. Therefore, he had a duty to file both a federal and a state income tax return.

 Nelson argues that because he was not assessed a tax on the federal level, he can avoid filing a return at the state level. This is incorrect. In *Jensen v. State Tax Commission*, 835 P.2d 965, 970 (Utah 1992), this court held that the duty to file a return arises when a person earns income, not when his or her income is assessed for tax purposes.

Nelson is also wrong in his belief that his income was "foreign earned income" and therefore nontaxable. Utah law defines taxable income as "all income derived from whatever source, including gross income derived from a business and compensation for services, such as fees, commissions and fringe benefits." *Id.* at 969–70 (citing 26 U.S.C. §§ 61(a)(1)–(2), 63 (1988)). Finally, Nelson's claim that the Auditing Division improperly carried out the assessment process is without merit. The Division carried out its duties pursuant to Utah law.

Because Nelson had a duty to file and pay state income tax, we hold that the Com-

mission was justified in penalizing him for failing to file, failing to pay, and evading taxes. We assess costs to Nelson on appeal. Furthermore, we note that the mere assertion of a novel tax theory is not enough to avoid penalties for evading taxes. Irrational and unsupported interpretations of the tax code will not justify circumvention of the requirement to file and pay state taxes, especially when the Commission has notified a resident of his or her duty to do so.

ZIMMERMAN, C.J., STEWART, Associate C.J., and HOWE and RUSSON, JJ., concur in this opinion.